UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES TRAVIS ADKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16-CV-525-HBG |
| | ) |
| MORGAN COUNTY, TENNESSEE, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 17].

Now before the Court is the Defendants' Motion to Strike Plaintiff's "Expert Disclosures" as Insufficient and Exclude the Listed Individuals from Testifying at the Trial of this Cause [Doc. 31]. Accordingly, for the reasons more fully explained below, the Court finds the Defendants' Motion [**Doc. 31**] not well-taken, and it is **DENIED**.

**I.    POSITIONS OF THE PARTIES**

The Defendants' Motion states that the Plaintiff's expert disclosures fail to comply with Federal Rule of Civil Procedure 26(a)(2). Specifically, the Motion explains that the Plaintiff did not provide the expert reports as required by Rule 26(a)(2)(B). Further, the Defendants argue that if the Plaintiff meant to use the individuals as treating physicians, the disclosures fail pursuant to

Rule 26(a)(2)(B)(C).[1] The Defendants state that the Plaintiff's disclosures ignore subsections (i) and (ii) of Rule 26(a)(2)(C).

The Plaintiff filed a Response [Doc. 33] to the Motion stating that his disclosures are consistent with the Scheduling Order and that he did not include any reports with his disclosures because he was not required to include any reports.

## II. ANALYSIS

Federal Rule of Civil Procedure 26(a)(2)(B) provides, in relevant part, that expert witness disclosures "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony." Generally, "a treating physician is not required to submit an expert report or disclosure under Rule 26(a)(2)(B) because a treating physician is not 'retained or specially employed to provide expert testimony in the case.'" *Taylor v. U.S.,* No. 2:04-cv-128, 2005 WL 5984597, at *1 (E.D. Tenn. Nov. 23, 2005) (quoting Rule 26(a)(2)(B)). Rule 26(a)(2)(C), however, still requires summary disclosures of the facts and opinions to be offered by such expert witnesses even if they are not required to provide the detailed reports under Rule 26(a)(2)(B).

Specifically, Rule 26(a)(2)(C) states:

> Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

---

[1] The Court believes that Defendants' reference to Rule 26(a)(2)(B)(C) is a typographical error and that the correct reference should be Rule 26(a)(2)(C).

Subsection (C) "appears to speak directly to experts, such as treating physicians, whose testimony often blurs the line between fact and opinion." *Call v. City of Riverside*, No. 3:13-cv-133, 2014 WL 2048194, at *3 (S.D. Ohio May 19, 2014) (quoting *Coleman v. Am. Family Mut. Ins. Co.*, 274 F.R.S. 641, 645 (N.D. Ind. 2011)). Thus, while treating physicians are not required to provide an expert report pursuant to Rule 26(a)(2)(B), the party offering the treating physician's opinion must provide the disclosures outlined in Rule 26(a)(2)(C).

In the instant matter, the Plaintiff states that he disclosed treating physicians, which is made clear by the statement, "Treating Physicians" in the disclosures. *See* [Doc. 32-1]. In his disclosures, however, he only provides the name, address, and telephone number of the treating physicians. Accordingly, the Court finds that the Plaintiff's disclosures do not comport with Rule 26(a)(2)(C).

Federal Rule Civil Procedure 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Courts have explained, "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a); that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Hunt v. Hadden*, 127 F. Supp. 3d 780, 789 (E.D. Mich. 2015), *aff'd,* 665 F. App'x 435 (6th Cir. 2016) (quoting *Roberts ex rel. Johnson v. Galen of Virginia, Inc.,* 325 F.3d 776, 782 (6th Cir. 2003)) (other citations omitted).

Here, the Plaintiff explains that he relied on the Scheduling Order, which requires only the name and office address of treating physicians. The Court has reviewed section 4(f) of the Scheduling Order [Doc. 20] and finds that the Plaintiff's reliance on the Scheduling Order is a

3

Case 3:16-cv-00525-JRG-JEM   Document 37   Filed 07/18/17   Page 3 of 4   PageID #: 156

substantial justification for not complying with Rule 26(a)(2)(C).  Accordingly, the Defendants' request to exclude the treating physicians is not well-taken.

## III.  CONCLUSION

Accordingly, for the reasons cited above, the Court **DENIES** the Motion to Strike Plaintiff's "Expert Disclosures" as Insufficient and Exclude the Listed Individuals from Testifying at the Trial of this Cause [**Doc. 31**].  However, the Plaintiff **SHALL** submit the additional information as provided in Rule 26(a)(2)(C) within thirty days of entry of this Memorandum and Order.  If the Defendants need additional time to submit their expert disclosures in light of the Plaintiff's additional information pursuant to Rule 26(a)(2)(C), they shall file a motion seeking such relief.

**IT IS SO ORDERED**.

ENTER:

*Bruce Guyton*
United States Magistrate Judge