UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES TRAVIS ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-525-JRG-HBG |
| | ) | |
| MORGAN COUNTY, TENNESSEE, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are Defendants' Motions in Limine [Docs. 163, 165, and 167]. Plaintiff has responded in opposition to these Motions, and Defendants have replied. Accordingly, for the reasons more fully explained below, the Court **GRANTS** Defendants' Motion [**Doc. 163**], **RESERVES** a ruling on [**Doc. 165**] until trial, and **DENIES** [**Doc. 167**].

### A. Defendants' First Motion in Limine [Doc. 163]

Defendants seek to exclude all materials listed in Exhibit 7, concerning Plaintiff's medical bills from Oak Ridge Medical Center, Parkwest Medical Center, and treating physicians, Dr. Ragland and Dr. Hatfield. First, Defendants state that Plaintiff must prove that the past medical bills are reasonable and necessary, typically through expert testimony. Second, Defendants argue that Plaintiff must establish whether Defendant Schubert both subjectively and objectively appreciated Plaintiff's medical issue and whether any delay in treating Plaintiff caused any injury that he would not have ordinarily sustained. Defendants argue that the medical expenses do not help establish that Defendant Schubert subjectively and objectively appreciated Plaintiff's medical

issue. Further, Defendants assert that the medical expenses should be excluded under Federal Rule of Evidence 403 and that they are hearsay under Rules 801 and 802.

Plaintiff responds [Doc. 171] that medical needs obvious enough that a lay person should recognize the need for medical attention do not require verifying medical evidence. Plaintiff states that the medical bills will assist in quantifying damages and are relevant to show that Plaintiff was admitted to the hospital for an extended period of time. Plaintiff states that the medical bills will not submitted to determine causation.

Defendants filed a Reply [Doc. 175], conceding that evidence of a medical need existed because Plaintiff had earlier been diagnosed by a physician as needing treatment for his backache. Defendants maintain that the expenses incurred are not relevant to the burden of proof in this action and should be barred pursuant to Rule 401. With respect to Plaintiff's statement that the medical expenses will show that he was admitted to the hospital for an extended period of time, Defendants assert that there are numerous other ways that counsel could establish the length of his stay. Defendants state that the medical bills and the amount paid or owed are not the subject matter of this trial. Defendants argue that the trial pertains to whether Defendant Schubert was objectively and subjectively aware of Plaintiff's serious medical need and whether he was deliberate indifferently to Plaintiff's need. Further, Defendants state that Plaintiff did not explicitly plead medical expenses in their prayer of relief.

The Court has considered the parties' positions, and the Court finds Defendants' Motion well taken. Defendants argue that Plaintiff must prove that the past medical bills are reasonable and necessary, typically through expert testimony. Plaintiff does not respond to this argument. In *Dixon v. Donald*, No. 3:06-CV0135, 2012 WL 13158089 (E.D. Tenn. Feb. 6, 2012), the Court addressed a similar issue. In *Dixon*, the plaintiff brought a § 1983 action and intended to place his

medical bills into evidence at trial. *Id.* at *1. The defendant argued that the bills should be excluded because plaintiff had not disclosed any expert to testify to the reasonableness and necessity of those bills. *Id.* The Court granted defendant's request, concluding, "The Court finds that the rule set forth by the Tennessee Supreme Court requiring expert testimony to the effect that the medical bills incurred by a plaintiff were reasonable and necessary, shall apply in this case in accordance with 42 U.S.C. § 1988(a)." *Id.* at *2.

Similarly, in the instant matter, Plaintiff has not presented expert testimony to establish that the medicals bills incurred were reasonable and necessary. Accordingly, Defendants' First Motion in Limine [**Doc. 163**] is **GRANTED**.

**B.     Defendants' Second Motion in Limine [Doc. 165]**

Defendants seek to exclude material enumerated in number 8 of Plaintiff's Exhibit List, which consists of Plaintiff's medical records from Oak Ridge Methodist Medical Center, including discharge instructions, from July 2016. For grounds, Defendants state that the introduction of medical records is hearsay and barred by Rules 801 and 802. Defendants acknowledge that Plaintiff may call an appropriate physician to testify about any happenings in July 2016. Defendants state, however, that Plaintiff has not listed such individuals on the witness list. Thus, Defendants argue that the medical records are inadmissible.

Plaintiff responds [Doc. 172] that he listed his treating physicians, Dr. Joe Ragland and Dr. R. Wayne Hatfield, and that they are not expert witnesses. Plaintiff states that Defendants have also listed Dr. Drum and Dr. Martinez. Plaintiff states that these medical professionals, if called to testify, would be able to discuss their personal knowledge of Plaintiff's treatment and that the records would be admissible under Rule 803(6) as a business record. In addition, Plaintiff states that the discharge order presented to him on July 15, 2016, when he was initially discharged from

3

Oak Ridge Hospital provides instructions for treatment that were made part of his Morgan County jail record. Plaintiff states that this record has been admitted as an exhibit in depositions and that Defendant Schubert discussed it in his deposition.

Defendants filed a Reply [Doc. 176], arguing that Dr. Ragland and Dr. Hatfield were not Plaintiff's treating physicians at Oak Ridge Methodist Medical Center. Defendants argue that they cannot testify as to the treatment Plaintiff received at Oak Ridge Methodist Medical Center. Defendants state that Plaintiff did not list Dr. Drum and Dr. Martinez as witnesses, so Plaintiff cannot call these physicians in his case-in-chief to make the Methodist Medical Center records admissible. Defendants state that to the extent that Plaintiff can show that the discharge record from July 15, 2016, was part of Plaintiff's Morgan County Jail record and can find a way to properly admit this record, they do no object to the inclusion of that record. Defendants state that the other medical records are hearsay.

At this time, the Court is uncertain as to how these records will be introduced at trial, and therefore, the Court finds the best course of action is to allow Defendants to object to these records during the trial. Accordingly, Defendants' Second Motion in Limine [**Doc. 165**] is **RESERVED** for trial, and the parties **SHALL** raise any evidentiary objections relating to this motion in limine during the course of trial.

    C.    **Defendants' Third Motion in Limine [Doc. 167]**

Defendants seek to exclude Plaintiff from calling any healthcare providers listed on their final witness list on the grounds that the same is barred by Rules 401, 402, and 403. Defendants state that Plaintiff has not submitted facts showing that he was denied healthcare. Further, Defendants state that Plaintiff has been excluded from presenting any expert testimony for failure to comply with the Scheduling Order. Defendants argue that any testimony by Plaintiff's

healthcare providers on his Witness List that he fell ill and received treatment is irrelevant to the issues in this denial of medical care claim. Defendants state that they are not insurers of Plaintiff's health and that Plaintiff must show that Defendant Schubert was or should have been aware of the medical issues and how Defendant Schubert reacted to the same.

Plaintiff responds [Doc. 173] that the Motion is not clear if it relates to Defendant Schubert's testimony or medical testimony. Plaintiff states that Defendants have not sought exclusion of any particular evidence. Plaintiff states that as for Defendant Schubert, whether he knew of and disregarded the existence of a serious medical need is a jury question and not an evidentiary challenge. Plaintiff state that if he calls medical providers, they will not be expert witnesses but treating physicians. Plaintiff states that treating physicians may testify as to their personal knowledge and treatment of a patient. Finally, Plaintiff states that he remained in custody in the hospital until July 20, 2016, as evidenced by the hospital confinement log in his Morgan County Jail record. Plaintiff states that whether he was treated for his medical issue while in custody or after his release has no bearing on the personal knowledge that a treating physician or medical provider would testify.

Defendants filed a Reply [Doc. 177], agreeing that Plaintiff remained in custody of Morgan County while in the hospital until July 20, 2016, but they argue that this fact does not bear any weight on Defendant Schubert's actions or inactions. Defendants state that should the testimony of these treating physicians be deemed permissible, these Defendants are asking the Court to limit the testimony of any physicians that Plaintiff calls to treatment rendered at the time because any testimony regarding Plaintiff's condition in the Morgan County Jail is speculative, as the treating physician lacks first-hand knowledge of the same.

5

The Court has considered the parties' position, and the Court declines to exclude the treating physicians' testimony at this time.  Plaintiff represents that his treating physicians will testify as to their personal knowledge and treatment of Plaintiff.   Further, the Court does agree with Defendants that such testimony shall be limited to the treating physicians' treatment rendered at the time.  Accordingly, to the extent Defendants seek to exclude evidence, their Motion [**Doc. 167**] is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

/s/ Bruce Guyton
United States Magistrate Judge