UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES TRAVIS ADKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:16-CV-525-JRG-HBG |
| MORGAN COUNTY, TENNESSEE, et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of Referral [Doc. 246] of the District Judge.

Now before the Court is Plaintiff James Travis Adkins' Motion for Attorney's Fees. [Doc. 244] The Motion is ripe for adjudication. For the reasons further explained below, the Court **RECOMMENDS** that Plaintiff's Motion [**Doc. 244**] be **DENIED**.[1]

## I. BACKGROUND

The instant case [Doc. 1] was filed on August 25, 2016, asserting a federal law claim under 42 U.S.C. § 1983, a state law claim under Tenn. Code Ann. § 8-8-302, and seeking attorney's fees pursuant to 42 U.S.C. § 1988. The § 1983 claim and the state law claim were related to Defendants' alleged failure to provide appropriate medical care to Plaintiff while he was incarcerated at the Morgan County Jail, resulting in serious and permanent injury to Plaintiff. On July 12, 2017,

---

[1] The Court notes that no party requested a hearing on this matter. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1402 (6th Cir. 1995) (explaining that a fee application may be decided without a hearing).

Plaintiff filed his Second Amended Complaint[2], adding a new state law claim of Invasion of Privacy by Public Disclosure of Private Facts. [Doc. 35]

A three-day jury trial commenced on July 14, 2020. [Docs. 227-229] The trial culminated in a jury verdict which found against Plaintiff with respect to his claims of inadequate medical care, but found in Plaintiff's favor on his state law claim for Invasion of Privacy by Public Disclosure of Private Facts. [Doc. 230] The jury awarded Plaintiff nominal damages in the amount of $1.00. [*Id.*]

Plaintiff has now moved the Court for attorney's fees. [Doc. 244] In the Motion, Plaintiff seeks a total of $33,953.30 for attorney's fees. [Id.]

## II. ANALYSIS

Plaintiff argues that he is a prevailing party, having received a jury verdict in his favor on his state law claim. Defendants counter that because the jury ruled against Plaintiff's § 1983 claim, Plaintiff is not entitled to fees under § 1988. In support of this argument Defendants cite the case of *Village of Maineville v. Hamilton Township Board of Trustees*, 726 F.3d 762 (6th Cir. 2013). In *Maineville,* Salt Run brought several state law claims and one § 1983 claim against the defendant related to a local ordinance which imposed certain fees on developers of real property. *Id.* at 763-64. The district court granted summary judgment to Salt Run on some of its state law claims, but dismissed Salt Run's § 1983 claim. *Id.* at 764. On appeal, Salt Run argued that the district court erred by dismissing the § 1983 claim, and that it was entitled to attorney's fees under § 1988. *Id.*

---

[2] Plaintiff's First Amended Complaint added additional Defendants, but did not add any new claims. [Doc. 4]

2

Case 3:16-cv-00525-JRG-JEM    Document 248    Filed 11/20/20    Page 2 of 3    PageID #: 1943

The Sixth Circuit disagreed, holding that § 1988 only "grants attorney's fees 'the prevailing party' in a § 1983 suit." *Id.* at 767. The Sixth Circuit pointed out that "the district court entered judgment against Salt Run on all of its federal constitutional claims. That Salt Run managed to win some of its state law claims does not change matters. Section 1988 gives district courts authority to award attorney's fees for vindication of federal constitutional and statutory rights, not state law ones." *Id.* (citations omitted). In closing, the Sixth Circuit held that, because Salt Run was not successful on its § 1983 claim, it could not be "a prevailing party under § 1988(b)." *Id.*

In this instance, as in *Maineville*, Plaintiff was successful on his state law claim, but failed on his § 1983 claim. Thus, under *Maineville*, Plaintiff is not "a prevailing party under § 1988(b)" and is not entitled to attorney's fees. *Id.*

## III. CONCLUSION

Accordingly, for the reasons set forth above, the Court **RECOMEMNDS**[3] that Plaintiff's Motion for Attorney's Fees [**Doc. 244**] be **DENIED**.

Respectfully submitted,

Bruce Guyton

United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).